# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE V. AUSTIN,<br><br>      Petitioner,<br><br>v.<br><br>R. GROUNDS, Warden,<br><br>      Respondent. | Case No. 15-cv-00309-BAS-BLM<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT** |

  On February 12, 2015, Petitioner George V. Austin, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On March 23, 2016, the Court adopted Magistrate Judge Barbara Lynn Major's January 26, 2016 Report and Recommendation ("R&R") and denied the petition for writ of habeas corpus. (ECF No. 16.)

  Presently before the Court is Petitioner's Motion for Relief from Judgment. (ECF No. 27.) This is Petitioner's second motion for relief from judgment. Petitioner first filed this motion on April 26, 2016. (ECF No. 21.) The Court terminated Petitioner's motion due to its lack of jurisdiction because Petitioner appealed the final judgment to the Ninth Circuit, divesting this Court's jurisdiction. (ECF No. 22); *see also Laurino v. Syringa Gen.*

1

1  *Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002) ("It is black letter law that, once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction."); Fed. R. App. P. 4(a)(4). On November 7, 2016, the Ninth Circuit declined to issue a certificate of appealability, and denied as moot any pending motions. (ECF No. 23.)

On February 7, 2018, Petitioner filed the present motion (ECF No. 27), along with an additional appeal to the Ninth Circuit, which was subsequently denied as untimely (ECF Nos. 24, 28). For the following reasons, the Court **DENIES** Petitioner's Motion for Relief from Judgment.

## I.  Standard

Under Federal Rule of Civil Procedure 60(b)(1), a court may grant relief to a party from a judgment due to "mistake, inadvertence, surprise, or excusable neglect." Excusable neglect "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 394 (1993); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons under [Rule 60(b)](1) . . . no more than a year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c)(1).

Additionally, Rule 60(b)(6) allows a court to relieve a party from a final judgment or order for any reason that justifies relief. "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *Latshaw*, 452 F.3d at 1103).

## II. Analysis

Petitioner argues that he should receive relief from the Court's previous Order and entry of judgment against him because he was unable to file objections to the R&R, which recommended denying his petition. Petitioner seeks relief based on excusable neglect pursuant to Rule 60(b)(1), and states that he failed to file timely objections because, in early 2016, he did not receive a copy of the R&R until after the deadline for his objections. (*See* ECF No. 27 at 2, 5 (detailing that Petitioner received the R&R, which provided the February 26, 2016 deadline for his objections, on March 14, 2016).) Proceeding without receiving any objections from either party, this Court approved and adopted the R&R and denied Petitioner's petition for writ of habeas corpus on March 23, 2016. (ECF No. 22.) Along with the current motion, Petitioner now provides copies of his mail log to show that he did not receive any mail from the Court during the first couple months of 2016. (ECF No. 27 at Ex. B (showing, for 2016, Petitioner first received mail from the Clerk's office on March 14, 2016).)

The Court finds Petitioner's evidence compelling, but the Court must assess whether the motion for relief is timely. Because Petitioner argues excusable neglect under Rule 60(b)(1), Petitioner has one year to bring his motion. Fed. R. Civ. Pro. 60(c)(1). Final judgment was entered against Petitioner almost two years ago on March 23, 2016. (ECF No. 17.) Though Petitioner originally filed a motion for relief from judgment a month after this date, the motion was terminated due to the pending Ninth Circuit appeal. The Ninth Circuit ruled on the appeal on November 7, 2016, which is over fifteen months before Petitioner filed the present motion. Thus, even if the Court could apply equitable tolling for Rule 60(b), over a year has lapsed between the time this Court could have had jurisdiction and Petitioner's filing of this Motion. Therefore, the Court finds that Petitioner's motion for relief from judgment is untimely under Rule 60(c)(1).

Moreover, the Court does not find that applying Rule 60(b)(6) is appropriate here. Petitioner does not argue specifically for the Court to apply Rule 60(b)(6), but he does make general arguments of equity and fairness. (*Id.* at 5.) The Court finds that the

extraordinary circumstances warranting relief under Rule 60(b)(6) are not present here. Petitioner is not at risk of any injustice because vacating the previous judgment and allowing Petitioner to file objections would not change the outcome of this case. Despite a lack of objections, at the time of its Order, the Court conducted its own review of Judge Major's fifty-nine page R&R, and determined that Judge Major's reasoning was sound. (ECF No. 16 at 2 ("Having nonetheless conducted a de novo review of the habeas petition, Respondent's answer, and the R&R, the Court concludes that Judge Major's reasoning is sound.").) Thus, even if the Court permitted Petitioner to file his objections, the Court would conduct a similar de novo review, and approve and adopt the magistrate judge's recommendation to dismiss the petition for habeas corpus.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's Motion for Relief from Judgment.

**IT IS SO ORDERED.**

DATED: March 5, 2018

Hon. Cynthia Bashant
United States District Judge